IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RASHEED ALWAN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **MR. LOUIS GIALA, et al.** | : | **NO. 14-2951** |

FILED
JUL -3 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### MEMORANDUM

**SHAPIRO, J.**                                                     ~~JUNE~~ July 3, 2014

  Plaintiff Rasheed Alwan brings this <u>pro se</u> civil rights action, pursuant to 42 U.S.C. § 1983, based on the conditions of confinement at the Curran-Fromhold Correctional Facility ("CFCF") and the Philadelphia House of Corrections ("HOC"), where he was previously incarcerated. He seeks to proceed <u>in forma pauperis</u>. For the following reasons, the Court will grant plaintiff leave to proceed <u>in forma pauperis</u> and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. FACTS

  Plaintiff alleges that, while he was incarcerated at CFCF and HOC in 2009 and 2010, he was "housed in a 3 man cell, and had to use the bathroom with other inmates in the cell with [him]." (Compl. ¶ II.D.) He also appears to be alleging that the food he received while incarcerated was cold. Plaintiff did not sustain any physical injuries as a result of the conditions of his confinement. Instead, he appears to be seeking damages solely for emotional distress.

### II. STANDARD OF REVIEW

  Plaintiff is granted leave to proceed <u>in forma pauperis</u>

1

because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). If an affirmative defense is obvious from the face of the complaint, the Court may dismiss any facially invalid claims sua sponte. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); cf. Ball v. Famiglio, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Plaintiff's claims are barred by the statute of limitations. In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Pennsylvania, where plaintiff's claims arose, the relevant statute of limitations is two years. See 42 Pa. Cons. Stat. § 5524. The limitations period began running "when the plaintiff knew or should have known of the injury upon which

2

[his] action is based." <u>Sameric Corp. v. City of Phila.</u>, 142 F.3d 582, 599 (3d Cir. 1998). Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

Here, all of the events giving rise to plaintiff's claims took place in 2009 and 2010, when he was incarcerated at CFCF and HOC. During that time period, plaintiff knew or should have been aware of his claims, as all of his claims are based on the conditions of his confinement. However, he did not file this action until May 20, 2014, the date on which he delivered his complaint to prison authorities for mailing, which is at least a year and five months beyond the most recent acts giving rise to his claims. Accordingly, it is apparent from the face of the complaint that plaintiff's claims are time-barred. The Court will therefore dismiss his claims.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because it is apparent that plaintiff's claims are barred by the statute of limitations. Accordingly, plaintiff will not be permitted to file an amended complaint.

**IV. CONCLUSION**

For the foregoing reasons, plaintiff's complaint is dismissed. An appropriate order follows.

3